Cheshire, }
March 6, 1906. }

PERRY & a. v. UNITED STATES HEALTH AND ACCIDENT
INSURANCE CO.

ASSUMPSIT, to recover a balance due upon the contract herein-
after mentioned.   Trial before Peaslee, J., at the October term,
1905, of the superior court.

By a contract dated April 1, 1902, the defendants appointed
the plaintiffs their agents, to canvass for applications for accident
and health insurance in this state, and to issue policies thereon,

etc. The plaintiffs were to have as compensation for their services, etc., all policy fees collected by them and " thirty-three and one third per cent of the net profits of the monthly premium business of said agency, such net profits to be ascertained in the following manner: On the credit side there shall be credited the gross premiums received by the company from its collectors in said territory on monthly premium business. On the debit side there shall be charged all sums paid in losses and claims on monthly premium business in the aforesaid territory," and expenses, taxes, etc. "After deducting the sum total of the debits from that of the credits, the balance remaining shall be termed ' net profits.' Upon such amounts so ascertained, the percentage above specified shall be paid the agent in quarterly settlements on the first days of January, April, July, and October in each year; . . . provided, that if at any time there should be found any claims, charges, or expenses which have been paid by the company and which were not included in any previous quarterly settlement, the amount thereof shall be charged in the next quarterly settlement."

The contract also contains the following provision: " In event of the cancellation or termination of this contract for any reason, the agent shall be entitled to receive compensation upon the basis hereinbefore provided, only for the period of time up to the date of such cancellation or termination; however, all sums of money due and accrued to said agent at that time shall be retained by the company until it shall appear by the records of the home office of the company that all claims, accounts, and expenses of every kind and nature whatsoever, incurred by or with the consent of the company in said territory during the continuance of this contract, or for which the company is liable, have been fully paid, after which the profits or losses shall be ascertained and shared by the company and the agent as hereinbefore provided."

The " monthly premium plan " was the insurance of persons against loss of time resulting from total or partial continuous disability caused by external, violent, and accidental bodily injury, or by continuous illness contracted and beginning after the policy had been in force for thirty consecutive days. The indemnity to be paid was a specified sum per month during the continuance of the disability, not exceeding eight months in some cases and twenty-four in others. The term of a policy extended from its date to the first day of the following month, and for such periods, stated in renewal receipts, as the payment in advance on the first day of each month of a specified monthly premium would maintain the policy and insurance in force. Settlements were not to

be made with beneficiaries under policies until the termination of the disability.

The contract was terminated by agreement, October 31, 1903. If losses for disabilities beginning before that date and continuing to a later time are wholly chargeable against the business in ascertaining the plaintiffs' compensation, they are entitled to $261.64; if not, they are entitled to $445.17. A verdict was filed for the smaller sum, and the plaintiffs excepted.

*John E. Allen* and *Charles H. Hersey*, for the plaintiffs.

*Cain & Benton*, for the defendants.

CHASE, J. The plaintiffs' compensation was to be "thirty-three and one third per cent of the net profits of the monthly premium business" of their agency. The contract provides how the "net profits" shall be ascertained. On the debit side of the profit and loss account "there shall be charged all sums paid in losses and claims on monthly premium business in the aforesaid territory," or, according to the context, "the monthly premium business of said agency." Although by the terms of the policy the sum to be paid the assured as indemnity depends for its size upon the duration of the disability, it is a single sum, payable after the disability ceases. The company's liability to pay it, in its entirety, arises upon the happening of the injury, or the beginning of the illness, resulting in disability. The liability covers the disability from beginning to end, subject to the limitation that its duration shall not exceed twenty-four months in some cases, or eight months in other cases. An absolute claim or right of this nature then arises in favor of the assured. All claims or rights thus arising before October 31 pertained to the "monthly premium business" of the plaintiffs' agency. All sums paid thereon, whether the disabilities for which they were paid ceased before October 31 or continued subsequently, were for "losses and claims on monthly premium business" of that agency, according to the ordinary and common signification of those terms. Such claims clearly fall within the description of the plaintiffs' contract particularly relating to the question in issue: "All claims . . . of every kind and nature whatsoever, incurred by or with the consent of the company in said territory during the continuance of this contract, or for which the company is liable." They are properly chargeable against the receipts in determining the "net profits."

*Exception overruled.*

All concurred.